# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

---

STEPHEN JONES,
    Plaintiff

vs                                           Case No. C-1-04-367
                                                    (Weber, J)
THE KROGER CO., INC.,             (Hogan, M.J.)
    Defendant

---

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 4), Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 7), and Defendant's Reply Memorandum to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 8).

Plaintiff initiated this action with the filing of a Complaint against his former employer, the Kroger Company, on May 26, 2004. (Doc. 1). Plaintiff asserts an ERISA claim for benefits under 29, U.S.C. § 1132(a), and alleges several claims under state law, including equitable estoppel, fraudulent inducement, negligent misrepresentation, breach of contract, breach of covenant of good faith and fair dealing, and promissory estoppel. Plaintiff's Complaint requests a jury trial and seeks to recover the benefits allegedly due him, as well as punitive damages.

## BACKGROUND

Plaintiff began working for Defendant on or about April 25, 1981 (Doc. 1, Complaint, at ¶6). The last position he held was sales coordinator in the Baked Foods division. (Id.).

On January 18, 2002, Plaintiff was informed that his position was to be eliminated as part of a reduction in force on July 20, 2002. (Id. at ¶7). He was also informed that "appointments would be made with the employees affected by the reduction in force to discuss The Kroger Co. Reorganization Severance Plan ("Severance Plan"). (Id.).

On February 7, 2002, Plaintiff interviewed with his present employer and for another position within Kroger. (Id. at ¶9). Because he anticipated that an offer of employment would be forthcoming, Plaintiff contacted Defendant's Human Resources department to ensure that he would still be eligible for the Severance Plan if his employment was separated before July 20, 2002 or if he rejected another position with Defendant. (Id.). Plaintiff claims he was told that he would receive severance benefits if his employment was separated prior to July 20, 2002 as long as he gave six weeks notice and completed any work which would have been expected of him through July 20, 2002. (Id.).

Plaintiff accepted an employment offer with his current employer on February 13, 2002 and confirmed a start date of April 1, 2002. Plaintiff then tendered his resignation to Defendant on February 14, 2002 effective March 29, 2002. (Id. at ¶ 10). On April 4, 2002, Defendant notified Plaintiff that his claim for benefits under the Severance Plan was denied because he did not work through July 20, 2002 as provided for under the terms of the Severance Plan. (Id. at ¶13). Plaintiff appealed the decision to Defendant's Reorganization Severance Plan Committee, which affirmed the denial of benefits on June 27, 2002. (Id. at ¶14). Plaintiff filed the within action in response to Defendant's denial of benefits.

Defendant contends that the state law claims comprising Counts II through VII of Plaintiff's Complaint should be dismissed because they are preempted by ERISA. Further, Defendant argues that extra-contractual damages are not permissible under ERISA. Plaintiff responds that his state law claims are viable theories in ERISA actions and that said claims are not related to his claim under ERISA for denial of benefits.

As the Supreme Court noted in *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987), it was Congress' intent by enacting ERISA to completely preempt the field of employee benefit plans and to make the regulation of such plans a purely federal concern. By now, it is axiomatic that Congress intended for ERISA to have the broadest possible preemptive effect, and that consequently, preemption will apply

2

to any action "relating to" an ERISA plan. *Lion's Volunteer Blind Ind. v. Auto. Group Admin.*, 195 F.3d 803, 807 (6th Cir. 1999)(citing *Shaw v. Delta Air Lines Inc.*, 463 U.S. 85, 100 n.21 (1983)). An action "relates to" an ERISA-covered employee benefit plan if it "has connection with or reference to that plan." *Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1275-76 (6th Cir. 1991)(citing *Metropolitan Life Ins. Co. v. Mass.*, 471 U.S. 724, 730, 732-33 (1985))(internal quotations omitted). Such claims are preempted if they relate to an ERISA plan, regardless of whether they were pled, designed, or intended to be so related. *Id.* at 1276 (citing *Daniel v. Eaton Corp.*, 839 F.2d 263 (6th Cir. 1988)). Thus, only state law claims whose effect on an ERISA plan is too tenuous, remote, or peripheral escape preemption. *Id. See also Lion's Volunteer*, 195 F.3d at 807. However, the mere fact that a claim is labeled as a state law claim does not determine whether ERISA preemption applies. *Cromwell*, 944 F.2d at 1276. Rather, the Court must consider "whether in essence such a claim is for the recovery of an ERISA plan benefit." *Id.*

All of Plaintiff's state law claims specifically allege that Plaintiff is entitled to receive benefits under the Plan. With respect to his equitable estoppel claim, Plaintiff's Complaint clearly states that he is entitled to judgment and equitable enforcement of the Severance Plan, namely, severance benefits under the plan. (*See* Doc. 1, at ¶ 23). In terms of his promissory estoppel claim, Plaintiff requests judgment enforcing Defendant's promise that he would receive benefits under the Plan. (Id. at ¶¶46-48). Plaintiff's fraudulent inducement claim alleges that Plaintiff relied upon Defendant's "representation that he would receive benefits under the Severance Plan . . . ." (Id. at ¶¶27-28). Plaintiff then requests "judgment and compensation." (Id. at ¶29). Plaintiff's negligent misrepresentation claim states that Plaintiff relied upon false information supplied by Defendant and is therefore entitled to "judgment and compensation." (Id. at ¶¶34-35). Plaintiff's breach of contract claim states that Defendant breached written and oral contracts by failing to pay him benefits under the Plain as agreed and as a result Plaintiff requests "judgment and compensation." (Id. at ¶¶ 38, 40). Finally, Plaintiff's breach of good faith and fair dealing claim states that Defendant violated this duty when it refused to pay Plaintiff benefits under the Plan as agreed and as a result, Plaintiff is entitled to "compensation." (Id. at ¶ 43).

Plaintiff's prayer for relief requests, among other things, reinstatement[1], lost pay and benefits, compensatory damages, punitive damages as well as that Defendant be enjoined from further "unlawful conduct" presumably meaning that Defendant be enjoined from denying Plaintiff benefits under the Plan. (Id. at pp.7-8, (a) - (g)). Neither Plaintiff's Complaint nor his Memorandum in Opposition to Defendant's motion makes clear what damages Plaintiff has suffered other than the denial of benefits under the Plan. Thus, while Plaintiff argues in his memorandum that his "damages are, in part, derived from the amount of severance he would have received," he does not direct the Court to any other basis for said damages. Thus it is impossible for the Court to find that Plaintiff's claims have only a peripheral relationship with and effect upon Defendant's Severance Plan. We agree with Defendant's argument that Plaintiff's reliance on *Marks v. Newcourt Group*, 342 F.3d 444 (6th Cir. 2003), is misplaced. Unlike the plaintiff in *Marks,* Plaintiff has not plead facts relating to any claim other than those based upon the assertion that he was wrongfully denied severance benefits under the Plan. Accordingly, regardless of how artfully or inartfully the pleadings were drafted, there is no question that Plaintiff's state claims are "related to" an ERISA plan. Plaintiff's claims for breach of contract, equitable estoppel, promissory estoppel, fraudulent inducement, negligent misrepresentation, breach of duty of good faith and fair dealing are clearly related to the Plan and their effect on the Plan is neither tenuous, remote nor peripheral. Consequently, the claims cannot escape ERISA's broad preemptive powers. *Cromwell*, 944 F.2d at 1276; *Lion's Volunteer*, 195 F.3d at 807. *See also Fisher v. Combustion Engineering, Inc.,* 976 F.2d 293 (6th Cir. 1992); *Int'l Resources, Inc. v. New York Life Ins. Co.,* 950 F.2d 294 (6th Cir. 1991).

We now turn to Plaintiff's request for punitive damages as well as his jury demand. As we discussed above, Plaintiff's claim is essentially one for benefits under § 1132(a). Thus, Plaintiff's claim is really equitable in nature and he is not entitled to a jury trial. *Wilkins v. Baptist Healthcare Systems, Inc.,* 150 F.3d 609, 616 (6th Cir. 1998); *Bittinger v. Tecumseh Products, Co.,* 123 F.3d 877, 883 (6th Cir. 1997); *Bair v. General Motors Corp.,* 895 F.2d 1094, 1096-97 (6th Cir. 1990). Additionally, the Sixth Circuit has clearly stated that "Congress did not imply and

---

[1] Plaintiff's Complaint is unclear with respect to his prayer for reinstatement. Because we are unable to find reinstatement as a remedy for any of the claims as plead in Plaintiff's Complaint, we do not find that said request derails the basic intention of Plaintiff's action, which we find to be payment of benefits under the Plan.

4

did not intend the judiciary to imply a cause of action for extra-contractual damages under ERISA." *Davis v. Kentucky Finance Cos. Retirement Plan*, 887 F.2d 689, 696 (6th Cir. 1989)(quoting *Mass. Mutual Life Ins.,* 473 U.S. 134, 148 (1985))(internal quotations omitted). Plaintiff's request for punitive damages are based on his state law claims, which we have found to be preempted. *See id.*(citing *Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir. 1987)). As such, Plaintiff's request for punitive damages should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1) Defendant's Motion to Dismiss (Doc. 4) be GRANTED;

2) Counts II through VII of Plaintiff's Complaint be DISMISSED;

3) Plaintiff's prayer for jury trial and extra-contractual damages be DISMISSED;

4) This case proceed on Plaintiff's § 1132 claim for benefits.


Date:  9/19/2005          s/Timothy S. Hogan
                          Timothy S. Hogan
                          United States Magistrate Judge

5

## NOTICE

Attached hereto is the Report and Recommended decision of The Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 9/20/2005.  Any party may object to the Magistrate's findings, recommendations and report within ten (10) days after being served with a copy thereof or further appeal is waived.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also* Fed. R. Civ. P. 72(b).  Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made along with a memorandum of law setting forth the basis for such objections.  (Such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within ten (10) days after being served a copy thereof.  *See* Fed. R. Civ. P. 72(b).

J:\SMITHLE\ERISA\kroger.mtd.wpd